IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MERRICK STEDMAN,                      *
                                      *
            Plaintiff,                *
                                      *
v.                                    *        Civil Case No. SAG-24-1779
                                      *
ROBERT S. DEAN, JR., *et al.*,        *
                                      *
            Defendants.               *

*       *       *       *       *       *       *       *       *       *       *       *       *

## MEMORANDUM OPINION

Plaintiff Merrick Stedman ("Plaintiff") seeks leave to file an Amended Complaint in this lawsuit asserting constitutional violations pursuant to 42 U.S.C. § 1983 and associated state law claims. ECF 31. Defendant Michelle A. Taylor opposes the motion, arguing sovereign immunity, futility, and statutory immunity. ECF 33. Plaintiff has filed a reply. ECF 34. For the reasons stated herein, Plaintiff's motion to amend will be granted, without prejudice to Defendants' ability to renew their substantive arguments in a motion to dismiss.[1]

## I.      PROCEDURAL AND FACTUAL BACKGROUND

On April 2, 2025, this Court partially granted a motion to dismiss Plaintiff's original Complaint. ECF 12, 13. This Court appointed counsel for Plaintiff, and discovery has proceeded. Plaintiff now seeks to file a proposed Amended Complaint, which (1) adds new factual allegations and (2) reasserts claims against the State of Maryland and two wardens of its correctional institutions, Robert S. Dean, Jr. and Gregory A. Werner. ECF 31-1.

---

[1] Although the presently proposed Amended Complaint will be docketed as a result of this ruling, in light of footnote 1 in his reply, Plaintiff will be afforded fourteen days to file (1) a Second Amended Complaint omitting the *Longtin* claim and (2) a motion voluntarily dismissing the State as a defendant in this federal case. ECF 34 at 3 n.1.

1

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986) (footnote omitted) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

Defendant argues both that the proposed amendment would be futile and that Defendants retain statutory immunity from Plaintiff's claims under the Maryland Tort Claims Act. ECF 33-1. Looking first at futility, as the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 Arthur R. Miller et al., Federal Practice and Procedure § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

This review for futility "does not involve 'an evaluation of the underlying merits of the case.'" *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013)). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile

because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (alteration in original) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911 (1980))). This Court has discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):

> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

*Aura Light US Inc. v. LTF Int'l LLC*, Civ. Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).

In sum, it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510, and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)," *Galustian*, 591 F.3d at 729; *see also Coral v. Gonse*, 330 F.2d 997, 998 (4th Cir. 1964).

In her opposition to the motion to amend, Defendant Taylor argues that the restructured allegations in the Amended Complaint fail to state viable claims of supervisor liability against the wardens. ECF 33-1. Without reaching the merits of those legal issues, Plaintiff's proposed Amended Complaint cannot fairly be described as "clearly insufficient or frivolous on its face." It

adds new facts regarding personal actions taken by the wardens to address the deficiencies raised by this Court in its earlier opinion. Futility does not provide a basis for its dismissal.

Defendant Taylor also argues that this Court should deny Plaintiff leave to amend to reinstate his state law claims in Counts III–IV and VI–VII against the individual Defendants, on the basis of their statutory immunity under the Maryland Tort Claims Act (MCTA). ECF 33-1. That statute conveys immunity from liability in tort for, in relevant part, "a tortious act or omission . . . made without malice or gross negligence." Md. Code Ann., Cts. and Jud. Proc. § 5-522. For the reasons stated in this Court's earlier opinion, the proposed Amended Complaint does not allege malice. However, the proposed amendments include specific facts potentially suggesting "utter indifferen[ce] to the rights of others" sufficient to plead gross negligence. *See Cooper v. Rodriguez*, 443 Md. 680, 708 (2015). Those amendments include, among others, the allegation that Defendant Taylor was aware of DPSCS written policy requiring release if the agency fails to assume custody on the release date, ECF 31-1 ¶ 23, the allegation that Defendant Dean knowingly approved continued detention after being informed of the Court order demanding release, *id.* ¶ 32, and the allegation that Defendant Werner decided to "give" ICE three days to assume custody after being informed of the release order, *id.* ¶¶ 34–38.

Accordingly, this Court will grant leave to amend and permit Plaintiff to file his Amended Complaint. Defendants, of course, are free to refile their futility arguments for this Court's substantive consideration under the Rule 12(b)(6) standard. Though this procedure is somewhat lacking in efficiency, allowing Plaintiff's amendment will not prejudice Defendants and will produce the cleanest record for the parties to proceed with this case.

A separate Order follows, which will reopen this case and direct the Clerk to file the Amended Complaint. In light of this Court's granting leave to file a Second Amended Complaint

in n.1, *supra*, Defendants should await that filing (or the expiration of the deadline for its filing) before responding.

Dated: June 8, 2026

                                    /s/
                                    Stephanie A. Gallagher
                                    United States District Judge